March 22, 1909.

————0————

## No. 4660.

(Court of Appeal, Parish of Orleans.)

## MRS. HATTIE CONRAD VS. FREED AND CLESI.

1. When property, admittedly the wife's paraphernal property, is, during the marriage, sold and repurchased by her, a reasonable doubt arises as to whether by the sale and resale of the property during marriage its paraphernal status has been changed, and a purchaser cannot be compelled to accept title until this doubt has been overcome by proof.

—253—

2. In such a case, where the vendor takes no steps in the courts to compel specific performance, but contents himself with making a formal tender of title, to which the purchaser urges reasonable objections, she (the vendor) in her answer to the suit of the purchaser for a return of deposit should ask for specific performance, and in the alternative, for a forfeiture of the deposit.

3. The forfeiture must be judicially decreed, and where the status of the wife's property is questioned by the purchaser, courts are enabled to declare such forfeiture only after due and specific proof has been made.

4. The vendor having failed to plead in the alternative, and the refusal of the purchaser to take title tendered at the time of the sale, not being arbitrary, the suit by the purchaser for the return of the deposit must prevail.

Appeal from Civil District Court, Division "E."

Dreyfous & Danziger, for Plaintiff and Appellee.

Stafford Lambert & Robinson, for Defendants and Appellants.

ESTOPINAL, J. Plaintiff sued to recover of the defendant firm the sum of one hundred and fifty dollars ($150.00), averring that this sum represents a deposit of the ten per cent made to them on the purchase price of certain improved real estate, situated on Magnolia Street, between Napoleon Avenue and Jena Street, this city, for account of L. J. Bourgeois.

Plaintiff avers that she has made repeated offers to consummate said sale; that she gave instructions to the notary charged with the duty to prepare the act of sale, but that upon examination of the title of said property it was ascertained that the property was heavily encumbered for sums far in excess of the price which she had agreed to pay for the same, and that these encumbrances are still of record.

She prays for judgment against the defedants for one hundred and fifty dollars ($150.00), and for the cancellation and annullment of the agreement to purchase.

Plaintiff filed a supplemental petition making Mrs. Elizabeth Bourgeois and her husband, Louis J. Bourgeois, parties to the suit.

The defendants in their answer admit having received the sum of one hundred and fifty dollars $150.00), but deny that they received the sum as a stakeholder; they aver that they

are real estate brokers and in their capacity as such were authorized by Mrs. Elizabeth Pohlman, wife of Louis Bourgeois, and her husband, Louis Bourgeois, to offer the property already described, for sale; that plaintiff signed a written offer to purchase said property, which offer was duly accepted by the said Mrs. E. Bourgeois, owner of the property, authorized by her husband; that plaintiff deposited with them ten per cent of the purchase price to bind the sale, and that they received said deposit only as agents and continued to hold same in their capacity as agents and for account of said Mrs. Elizabeth Bourgeois and her said husband.

Defendants further aver that said Mrs. E. Bourgeois and her said husband have tendered to plaintiff a free and unencumbered title to the property, which she refused to accept on the pretext that certain judgments of record against Louis J. Bourgeois, husband of Mrs. Elizabeth Bourgeois, affected the said property.

Defendant avers that said recordations against the husband in no way affected the property, the same having been acquired by Mrs. Bourgeois prior to her marriage with Louis J. Bourgeois, and the sale and resale by which it is alleged this property entered into the community, were made simply to secure the mortgage executed in favor of Loys Charbonnet, and did not change the paraphernal status of the property.

The judgment of the District Court was for plaintiff as prayed for, from which judgment defendants prosecute this appeal.

As cited in brief by defendants' counsel, the pleadings show that the plaintiff's action is simply one for return of the deposit without alternatively pleading for the property in the event that the defendants are permitted to retain the deposit. Defendants in their answer seek to retain the deposit without alternatively asking that plaintiff be condemned to take the property.

The record shows that the plaintiff was formally put in default by the tender by a notary of an act of sale attached to which was a mortgage certificate in the name of Mrs. Bourgeois, showing no encumbrance against the property, except one in favor of Mrs. Salome Acker, who, in the said notarial tender intervened and offered to cancel this mortgage.

—255—

It may be conceded that the sale and resale of the property admittedly paraphernal property up to the time of such sale and resale), did not make the property community property so as to attach the husband's mortgages to it, but we do not agree with counsel for defendants that this is the sole issue in the case. The sale and resale by the wife, during the marriage, of her paraphernal property was sufficient to arouse in the purchaser a reasonable fear that the property, by reason of such sale and resale, had lost its character of paraphernality.

It is erroneous to contend that a formal tender even of an unquestionable title and a refusal by the purchaser to comply, carries with it ipso facto a forfeiture of the deposit.

The forfeiture must be judicially decreed, and this after proof is made that the purchaser has arbitrarily refused to accept title.

The pleadings of defendant are not such as warrant judgment in their favor. It is plain that the defendants should, in their answer, have asked for a specific performance or in default thereof, for a forfeiture of the deposit.

The fact that extraneous proof was required to show the validity of the title, was in itself sufficient to cause the purchaser not only to hesitate, but to refuse to accept it when tendered to him.

We think it was, in our opinion, incumbent on the defendants to sue plaintiff for a specific performance of her agreement and to offer due proof of the paraphernality of the property contradictorily with the judgment and mortgage creditors of the husband.

Article 2463 R. C. C. provides "If the promise to sell has been made with the giving of earnest, each of the contracting parties is at liberty to recede from the promise, to-wit: He who has given the earnest, by forfeiting it, etc., etc."

It is clear that the expression "to recede" means an arbitrary or voluntary cancellation of the contract on the part of one of the parties.

In that event the forfeiture results without question, but when the purchaser's refusal to take title is based on legal and reasonable grounds touching the character of the title tendered him, the forfeiture can result only after a judicial determination of the issues properly presented.

We think the judgment appealed from is not error, and it must be affirmed.

Judgment affirmed.